IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BOBBY L ADDISON, JR.,**
et al,

    **Plaintiffs,**

v.                                                   CASE NO. 4:04-cv-00521-AK

**ASPLUNDH TREE EXPERT COMPANY,**

    **Defendant.**
_____/

## O R D E R

This matter is before the Court on Defendant's Partially Unopposed Motion for Rule 37 Sanctions against Plaintiff Kelvin Paden (doc. 22) and Plaintiff Kelvin Paden's Notice of Voluntary Dismissal (doc. 25), which the Court construes as a motion to dismiss, and to which Defendant objects. (Doc. 23). Plaintiff has responded to the motion for sanctions and Defendant's objection to his dismissal without prejudice. (Doc. 35).

## DISMISSAL

Rule 41(a)(2), Federal Rules of Civil Procedure, provides that after an answer has been filed an action may not be dismissed by a plaintiff without a court order and "upon such terms and conditions as the court deems proper." Such dismissals, unless otherwise specified, are considered "without prejudice." Rule 41(b), Federal Rules of Civil Procedure, also provides for involuntary dismissal where a plaintiff has failed to prosecute his action or comply with an order of the court and specifies that such dismissals operate as an adjudication upon the merits unless the court otherwise

specifies.

In response to Defendant's objections, counsel for Plaintiff Paden states that he moved for dismissal without prejudice because he had been unable to contact Paden or to obtain his cooperation in discovery. This begs this question then as to how counsel obtained Paden's authorization to dismiss his claims. An attorney may not voluntarily dismiss a client's case without permission. See The Florida Bar v. Nemec, 390 so.2d 1190 (Fla. 1980) (attorney subject to disciplinary action for signing voluntary dismissal of lawsuit without client's permission); and The Florida Bar v. Fitos, 522 So.2d 369 (Fla. 1988) (same). The notice of dismissal is signed by counsel *only* and the certificate of service does not indicate that it was served on Paden at his home address. If counsel cannot obtain Paden's express authorization to dismiss his claims, he should file a motion to dismiss on grounds of Paden's failures to cooperate and serve it on Paden at his last known address. If no response is made to the motion within the time allowed or if Paden otherwise fails to object to dismissal, then the motion may be granted. Until this is done, the Court cannot dismiss Paden's claims. Consequently, with the present state of the record Paden's notice/motion to dismiss (doc. 25) is **DENIED**.[1]

## **SANCTIONS**

The Court has already entered an order regarding Paden's failure to respond to written discovery and ordered that fees and expenses be awarded to Defendant. (Doc. 21). Defendant further moves for additional fees and expenses associated with Paden's

---

[1] The Court has recently granted motions to dismiss the claims of Plaintiffs Brenton Hayes (doc. 20), Calvin Smith and George Wilson (doc. 36), on the assumption that counsel had authorization from these plaintiffs to dismiss their claims. If the basis for dismissal was also that counsel had lost contact with them, then counsel shall alert the Court to this so that the orders dismissing their claims can be vacated and counsel shall serve them in the same manner as herein required for Plaintiff Paden.

failure to appear at his deposition and the fees and expenses incurred in preparing the motion for sanctions. (Doc. 22). Counsel for Paden's response is that he made every effort to contact Paden for his deposition, but he was not able to produce him. Based on counsel's representations, it is clear that counsel is not responsible for causing Defendant extra and wasted expense, but Plaintiff Paden clearly is responsible, and Rule 37, Federal Rules of Civil Procedure, authorizes an award of sanctions in such an instance. Therefore, Defendant shall file an Affidavit of fees and expenses resulting from the aborted deposition and incurred in filing the present motion.[2] After this affidavit is filed, the Court will address it and the other pending affidavit seeking fees and expenses of $607.20 (doc. 27) by separate order.

Accordingly, it is

**ORDERED:**

1. Plaintiff Kelvin Paden's motion to dismiss (doc. 25) is **DENIED.**

2. Defendant's Partially Unopposed Motion for Rule 37 Sanctions against Kelvin Paden is **GRANTED**, and Defendant shall on or before July 15, 2005, file an Affidavit of fees and expenses incurred in preparing for and attending Paden's aborted deposition, as well as fees and expenses incurred in preparing the motion for sanctions. Plaintiffs

---

[2] The Court declines to award fees and expenses incurred by Defendant in defending this entire lawsuit since Rule 37 does not specifically provide for such sanctions with regard to discovery failures and Defendant has provided no authority for such an award which would more appropriately be sought under Rule 11, Federal Rules of Civil Procedure.

may respond thereto to object to the reasonableness of the fees and expenses sought within ten days of the filing of Defendant's affidavit.

**DONE AND ORDERED** at Gainesville, Florida, this __**29th**__ day of June, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**